JOHNSTON and WEIR *v.* LUDLOW, 2 J. C. 481; S. C. 1 C. C. E. xxix.

Not reported in S. Ct.

### Contraband of War ; Illicit Trade.

This was an action on a policy of insurance, on goods from New York to Vera Cruz. The policy contained the following clause : " That the property be warranted by the assured, free from any charge, damage. or loss, which may arise in consequence of a seizure or detention of the *goods hereby insured,* for or on account of any illicit or prohibited trade, or any trade in articles contraband of war." From the special verdict in the case, it appeared that the plaintiffs had shipped, *besides the property insured,* six blocks of tin, and 78 boxes of tin plates ; that the latter were condemned as contraband of war by the British Court of admiralty, and the *goods insured* were condemned as property of British subjects, trading with an enemy to their mother country, Great Britain and Spain being then at war: but that the defendant knew when he insured the goods, that the plaintiffs were British subjects, and that the tin was on board. On this special verdict,

The Supreme Court gave judgment for the defendant, on the ground of the illicit trade, and that the above warranty of the assured, extended to a loss by " seizure and detention"

on account of a seizure and detention, *under pretext* of illicit trade or contraband of war.

The Court of Errors, however, held the contrary.

Three questions were made in that court.

1. Was the trade, in relation to the character of the plaintiffs, as subjects of Great Britain, an illicit trade?

2. Were the articles of *tin*, contraband of war?

3. Did the warranty of the assured extend in judgment of law to a loss by seizure or detention, merely because illicit or prohibited trade, or trade in contraband of war was *alleged*, when in fact the trade was not such?

The court held, 1. The domicil of the plaintiffs being established to be in New York, without any fraudulent motive, but for fair purposes of commerce, this court ought not to sanction the right of Great Britain to seize and confiscate their effects. (In support of this protection, derived from the domicil of the plaintiffs, the case of *Marryatt v. Wilson*, 1 Bos. and Pul. 430, was relied on. But in that case the party had been *naturalized* in the United States; a circumstance of which the Court of Errors take no notice, although Eyre, Chief Justice, in that case, relies mainly on that fact.)

2. The Court held that though *tin* might, under certain circumstances become contraband of war, yet that no case was made out in the sentence of condemnation, which would warrant that conclusion in the present case; and that the allowed effect of the sentence as *prima facie* evidence, was repelled by the very detail contained in it, of the precise grounds of condemnation.

3. That the expression "for and on account of any illicit or prohibited trade," &c., is not equivalent to or convertible into the words *under pretence of*, but may well be understood to mean *"for the cause of,"* thus implying the *actual existence* of either illicit trade or contraband, to bring it within the terms of the warranty. For these reasons, they *reversed* the judgment of the Supreme Court.